UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PIZZA HUT, LLC, as successor-in-interest to PIZZA HUT, INC., <br><br> Plaintiff, <br><br> v. <br><br> RONAK FOODS, LLC; PANDYA RESTAURANTS, LLC; JNP FOODS, LLC; JIGNESH N. PANDYA, INDIVIDUALLY, <br><br> Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:19-cv-726 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Pizza Hut, LLC, as successor-in-interest to Pizza Hut, Inc. ("**Pizza Hut**" or "**Plaintiff**") files this Original Complaint against Defendants Ronak Foods, LLC ("**Ronak Foods**"), Pandya Restaurants, LLC ("**Pandya Restaurants**"), JNP Foods, LLC ("**JNP Foods**"); and Jignesh N. Pandya, individually ("**Pandya**" or "**Guarantor**"), and alleges, on knowledge as to its own actions, and otherwise upon information and belief as follows:

### PRELIMINARY STATEMENT

1. This action arises out of Defendants' breaches of various contracts with Pizza Hut, each stemming from a franchisor/franchisee relationship between Pizza Hut and Defendants.

2. After numerous financial and other defaults by Defendants, Pizza Hut terminated all franchise agreements with Defendants. Defendants have failed to pay all sums that are contractually due and owing to Pizza Hut. Defendants' conduct is causing harm to Pizza Hut, who seeks monetary relief.

### PARTIES

3. Plaintiff Pizza Hut, LLC is a Delaware limited liability company with its principal

place of business in Plano, Collin County, Texas.

4. Defendant Ronak Foods, LLC is a Pennsylvania limited liability company with its principal place of business at 121 Friend Lane, Suite 301, Newtown, Pennsylvania 18940. Ronak Foods' sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

5. Defendant Pandya Restaurants, LLC is a Pennsylvania limited liability company with its principal place of business at 121 Friend Lane, Suite 301, Newtown, Pennsylvania 18940. Pandya Restaurants' sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

6. Defendant JNP Foods, LLC is a Pennsylvania limited liability company with its principal place of business at 121 Friend Lane, Suite 301, Newtown, Pennsylvania 18940. JNP Foods' sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

7. Defendant Jignesh N. Pandya is a natural person and citizen of Pennsylvania with his business address at 121 Friend Lane, Suite 301, Newtown, Pennsylvania 18940. Pandya executed three guaranties in his personal capacity in favor of Pizza Hut on each of the franchise agreements executed by Ronak Foods, LLC, Pandya Restaurants, LLC, and JNP Foods, LLC.

## JURISDICTION AND VENUE

8. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

9. This Court has personal jurisdiction over the Defendants because each has expressly consented to the jurisdiction of this Court by their written agreements.

10. Venue is proper in the Eastern District of Texas (Sherman Division) under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants have expressly consented to venue in this District by their written agreements with Pizza Hut.

# FACTS

**A.     Franchise Agreements and Guaranties**

11.     On November 8, 2010, Pizza Hut entered into a Location Franchise Agreement with Ronak Foods ("**Ronak Foods Franchise Agreement**"). On September 15, 2011, Pizza Hut entered into a Location Franchise Agreement with Pandya Restaurants ("**Pandya Restaurants Franchise Agreement**"). On April 30, 2012, Pizza Hut entered into a Location Franchise Agreement with JNP Foods ("**JNP Foods Franchise Agreement**"). Collectively, the Ronak Foods Franchise Agreement, the Pandya Restaurants Franchise Agreement, and the JNP Foods Franchise Agreement are referred to herein as the "**Franchise Agreements**." Collectively, Ronak Foods, Pandya Restaurants, and JNP Foods are referred to herein as the "**Franchisees**."

12.     To induce Pizza Hut to enter into the Franchise Agreements, Defendant Pandya personally guaranteed the full payment and complete performance of each of the Franchisees' obligations under the Franchise Agreements and agreed to indemnify Pizza Hut from any liability or expense resulting from any of the Franchisees' failure to perform and comply with the terms and conditions of the Franchise Agreements (respectively, the "**Ronak Foods Guaranty**," the "**Pandya Restaurants Guaranty**," and the "**JNP Foods Guaranty**", and collectively, the "**Guaranties**"). The Guaranties are continuing, absolute, and unconditional.

13.     The rights and obligations of the parties contained in the Franchise Agreements are nearly identical. Relevant provisions explained herein are applicable to each of the Franchise Agreements. Under the Franchise Agreements, Pizza Hut granted the Franchisees certain rights to operate Pizza Hut restaurants, subject to the Franchisees' strict compliance with the terms of the Franchise Agreements, in exchange for monetary compensation.

14.     For example, the Franchisees agreed to pay Pizza Hut monthly fees equal to a specified percentage of the Franchisees' monthly gross sales from each restaurant ("**Monthly**

**Service Fees**"). Per the Franchise Agreements, late fees would accrue if the Monthly Fees were not timely paid.

15. Additionally, the Franchisees agreed to make monthly payments to Pizza Hut for an advertising fund ("**Advertising Fees**"). In connection with advertising, Pizza Hut is a party to an agreement with I.P.H.F.H.A., Inc., frequently referred to as International Pizza Hut Franchise Holders Association ("**IPHFHA**"), which concerns collective advertising for Pizza Hut restaurants ("**Advertising Committee Agreement**"). Under the Franchise Agreements, Franchisees agreed to join IPHFHA and timely pay the dues IPHFHA assesses its members for contribution to a national advertising fund, which is administered by a committee appointed by Pizza Hut and IPHFHA ("**Advertising Committee**") pursuant to the Advertising Committee Agreement.  Generally, the dues to IPHFHA are paid directly to IPHFHA. Then the amount that Franchisees pay as dues to IPHFHA are credited, dollar for dollar, toward the Advertising Fees. In the event that Franchisees do not timely pay such dues, the balance is owed to Pizza Hut and is collected by Pizza Hut as against Franchisees.

16. Termination of the Franchise Agreements does not affect the Franchisees' obligations to pay their accrued monetary obligations to Pizza Hut.

**B.    Breach and Termination of Franchise Agreements**

17. Each of the Franchise Agreements give Pizza Hut the right to terminate the agreement in the event of the Franchisee's default. This right is in addition to all other remedies Pizza Hut has at law or in equity.

18. Each Franchisee defaulted on its obligations under the Franchise Agreements by, among other things, failing to pay all Monthly Service Fees and Advertising Fees that were due and owing.

19.     As the result of the Franchisees' defaults, Pizza Hut exercised its right to terminate the Franchise Agreements. As of October 15, 2018, the Ronak Foods Franchise Agreement, the Pandya Restaurants Franchise Agreement, and the JNP Foods Franchise Agreement had been terminated. To date, none of the Franchisees have active franchise agreements with Pizza Hut.

20.     On October 15, 2018, Pizza Hut and Defendants entered into a Forbearance Agreement, which extended some of the Franchisees' obligations under the Franchise Agreements while they engaged in a sale process for certain locations. For example, the Forbearance Agreement obligated the Franchisees to make monthly payments to Pizza Hut for royalties, advertising fees, and any other amounts typically paid to Pizza Hut pursuant to the Franchise Agreements, such as IPHFHA fees, at the same rate as before termination of the Franchise Agreements.

21.     Defendants have failed to comply with numerous terms of the Forbearance Agreement, including failing to pay Monthly Service Fees and Advertising Fees to Pizza Hut that were due and owing both before and after the termination of the Franchise Agreements.

22.     Accordingly, Pizza Hut is entitled to enforce its remedies in law and at equity.

## COUNT I: BREACH OF CONTRACT
### (Breach of Ronak Foods Franchise Agreement Against Ronak Foods)

23.     Pizza Hut incorporates the foregoing allegations as though fully restated herein.

24.     The Ronak Foods Franchise Agreement constitutes a binding and enforceable contract between Pizza Hut and Ronak Foods.

25.     Pizza Hut has performed all of its obligations in connection with the Ronak Foods Franchise Agreement.

26.     Ronak Foods, however, has failed and refused to comply with its obligations under the Ronak Foods Franchise Agreement by, among other things, failing to pay all Monthly Service

Fees and Advertising Fees that are due and owing.

27. Ronak Foods' failure and refusal to comply with its obligations under the Ronak Foods Franchise Agreement constitutes a breach of the Ronak Foods Franchise Agreement.

28. As a direct and proximate result of Ronak Foods' breaches of the Ronak Foods Franchise Agreement, Pizza Hut has incurred monetary damages in the amount of **$1,833,743.23**, in addition to incurring reasonable and necessary attorneys' fees.

## COUNT II: BREACH OF CONTRACT
### (Breach of Pandya Restaurants Franchise Agreement Against Pandya Restaurants)

29. Pizza Hut incorporates the foregoing allegations as though fully restated herein.

30. The Pandya Restaurants Franchise Agreement constitutes a binding and enforceable contract between Pizza Hut and Pandya Restaurants.

31. Pizza Hut has performed all of its obligations in connection with the Pandya Restaurants Franchise Agreement.

32. Pandya Restaurants, however, has failed and refused to comply with its obligations under the Pandya Restaurants Franchise Agreement by, among other things, failing to pay all Monthly Service Fees and Advertising Fees that are due and owing.

33. Pandya Restaurants' failure and refusal to comply with its obligations under the Pandya Restaurants Franchise Agreement constitutes a breach of the Pandya Restaurants Franchise Agreement.

34. As a direct and proximate result of Pandya Restaurants' breaches of the Pandya Restaurants Franchise Agreement, Pizza Hut has incurred monetary damages in the amount of **$222,841.57**, in addition to incurring reasonable and necessary attorneys' fees.

## COUNT III: BREACH OF CONTRACT
### (Breach of JNP Foods Franchise Agreement Against JNP Foods)

35. Pizza Hut incorporates the foregoing allegations as though fully restated herein.

36. The JNP Foods Franchise Agreement constitutes a binding and enforceable contract between Pizza Hut and JNP Foods.

37. Pizza Hut has performed all of its obligations in connection with the JNP Foods Franchise Agreement.

38. JNP Foods, however, has failed and refused to comply with its obligations under the JNP Foods Franchise Agreement by, among other things, failing to pay all Monthly Service Fees and Advertising Fees that are due and owing.

39. JNP Foods' failure and refusal to comply with its obligations under JNP Foods Franchise Agreement constitutes a breach of the JNP Foods Franchise Agreement.

40. As a direct and proximate result of JNP Foods' breaches of the JNP Foods Franchise Agreement, Pizza Hut has incurred monetary damages in the amount of **$2,538,376.64**, in addition to incurring reasonable and necessary attorneys' fees.

## COUNT IV: BREACH OF CONTRACT
### (Breach of Ronak Foods Guaranty Against Pandya)

41. Pizza Hut incorporates the foregoing allegations as though fully restated herein.

42. The Ronak Food Guaranty constitutes a binding and enforceable contract that was executed by Pandya in favor of Pizza Hut.

43. Pizza Hut has performed all of its obligations in connection with the Ronak Foods Guaranty.

44. Pandya, however, has failed and refused to comply with his obligations under the Ronak Foods Guaranty by, among other things, failing to pay all Monthly Service Fees and

Advertising Fees that are due and owing.

45. Pandya's failure and refusal to comply with his obligations under the Ronak Foods Guaranty constitutes a breach of the Ronak Foods Guaranty.

46. As a direct and proximate result of Pandya's breaches of the Ronak Foods Guaranty, Pizza Hut has incurred monetary damages in the amount of **$1,833,743.23**, in addition to incurring reasonable and necessary attorneys' fees.

## COUNT V:   BREACH OF CONTRACT
### (Breach of Pandya Restaurants Guaranty Against Pandya)

47. Pizza Hut incorporates the foregoing allegations as though fully restated herein.

48. The Pandya Restaurants Guaranty constitutes a binding and enforceable contract that was executed by Pandya in favor of Pizza Hut.

49. Pizza Hut has performed all of its obligations in connection with the Pandya Restaurants Guaranty.

50. Pandya, however, has failed and refused to comply with his obligations under the Pandya Restaurants Guaranty by, among other things, failing to pay all Monthly Service Fees and Advertising Fees that are due and owing.

51. Pandya's failure and refusal to comply with his obligations under the Pandya Restaurants Guaranty constitutes a breach of the Pandya Restaurants Guaranty.

52. As a direct and proximate result of Pandya's breaches of the Pandya Restaurants Guaranty, Pizza Hut has incurred monetary damages in the amount of **$222,841.57**, in addition to incurring reasonable and necessary attorneys' fees.

## COUNT VI: BREACH OF CONTRACT
### (Breach of JNP Foods Guaranty Against Pandya)

53. Pizza Hut incorporates the foregoing allegations as though fully restated herein.

54. The JNP Foods Guaranty constitutes a binding and enforceable contract that was executed by Pandya in favor of Pizza Hut.

55. Pizza Hut has performed all of its obligations in connection with the JNP Foods Guaranty.

56. Pandya, however, has failed and refused to comply with his obligations under the JNP Foods Guaranty by, among other things, failing to pay all Monthly Service Fees and Advertising Fees that are due and owing.

57. Pandya's failure and refusal to comply with his obligations under the JNP Foods Guaranty constitutes a breach of the JNP Foods Guaranty.

58. As a direct and proximate result of Pandya's breaches of the JNP Foods Guaranty, Pizza Hut has incurred monetary damages in the amount of **$2,538,376.64**, in addition to incurring reasonable and necessary attorneys' fees.

## ATTORNEYS' FEES

59. Pizza Hut incorporates the foregoing allegations as though fully restated herein.

60. Defendants' actions and inactions have caused Pizza Hut to have to retain the undersigned attorneys to protect its rights in this matter. Pizza Hut is entitled to a judgment against Defendants for the attorneys' fees Pizza Hut incurred in this matter pursuant to the Franchise Agreements, the Guaranties, and Texas law.

## PRAYER

For the reasons above, Plaintiff Pizza Hut, LLC, as successor-in-interest to Pizza Hut, Inc., respectfully requests that the Court enter judgment against Defendants Ronak Foods, LLC; Pandya Restaurants, LLC; JNP Foods, LLC; and Jignesh N. Pandya, individually, as follows:

1. Award Pizza Hut compensatory damages against Defendants in an amount to be proven at trial;

2. Award Pizza Hut its reasonable and necessary attorneys' fees;

3. Award Pizza Hut its costs and expenses incurred in litigating this action;

4. Award Pizza Hut interest, including prejudgment and post-judgment, on the foregoing sums; and

5. Award such other and further relief at law and equity as the Court deems just and proper.

Dated: October 4, 2019

Respectfully submitted,

*/s/ William S. Richmond*
WILLIAM S. RICHMOND
Texas State Bar No. 24066800
brichmond@pcrfirm.com
LAURA E. BRANDT
Texas State Bar No. 24082369
lbrandt@pcrfirm.com
**PLATT CHEEMA RICHMOND PLLC**
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75207
214.559.2700 Main
214.559.4390 Fax

**COUNSEL FOR PLAINTIFF**
**PIZZA HUT, LLC, AS SUCCESSOR-IN-INTEREST TO PIZZA HUT, INC.**